UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS CENTENO, | No. 1:26-cv-01984-DJC-EFB |
| Petitioner, | |
| v. | ORDER |
| WARDEN, | A# 243-157-632 |
| Respondents. | |

Petitioner Carlos Centeno is an immigration detainee proceeding with a Petition for Writ of Habeas Corpus (ECF No. 1) and Motion for Temporary Restraining Order (ECF No. 10). The Court has previously addressed the legal issues raised in the Petition. *See Garcia Mariagua v. Chestnut*, No. 1:25-cv-01744-DJC-CSK, 2025 WL 3551700 (E.D. Cal. Dec. 11, 2025); *Ortega v. Noem*, No. 1:25-cv-01663-DJC-CKD, 2025 WL 3511914 (E.D. Cal. Dec. 8, 2025); *Lopez v. Lyons*, No. 2:25-cv-03174-DJC-CKD, 2025 WL 3124116 (E.D. Cal. Nov. 7, 2025).

The Court informed the parties that it intended to rule directly on the petition and ordered Respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders. (ECF No. 11.) Neither party objected to the Court ruling directly on the merits of the petition. Respondents state that "there are significant factual or legal issues in this case that

1

distinguish it from the cases identified" by the Court. (ECF No. 13 at 1.) However, Respondents only identify that Petitioner was "amenable to expedite [sic] removal when first encountered . . . ." (*Id.* at 2.) Petitioner's initial amenability to expedited removal over three years ago does not alter the Court's analysis.[1] Respondents also note that Petitioner's initial Petition raised prolonged detention claims. However, as the later Motion for Temporary Restraining Order makes clear, Petitioner asserts that his re-detention violated his due process rights. This was also the basis for the response ordered by the Court and is the grounds for the relief granted here.

Accordingly, as Respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would materially distinguish it from the Court's prior decisions cited above, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Petitioner's procedural due process claim related to his re-detention, for the reasons stated in those prior orders.[2]

Respondents are ORDERED to immediately release Petitioner Carlos Centeno from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a

---

[1] It is unclear what the basis for Respondents' assertion that Petitioner was amenable to expedited removal is. Respondents do not provide any citation in connection with this statement and the only document attached to their Response is a Form I-213 that does not appear to contain any statement as to Petitioner's amenability to expedited removal. (*See* ECF No. 13, *see also* ECF No. 13-1.)

[2] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.

danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present.  This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

The Clerk of the Court is directed to serve Mesa Verde Detention Facility with a copy of this Order.  Respondents are ORDERED to file a status update with the Court by April 8, 2026, indicating their compliance with this Order.

The Clerk of the Court is further directed to close this case and enter judgment for Petitioner.  This Order resolves all pending motions.

Dated:  April 6, 2026                    /s/ Daniel J. Calabretta
                                         THE HONORABLE DANIEL J. CALABRETTA
                                         UNITED STATES DISTRICT JUDGE